**Irvin H. HILLIARD, Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE,
Defendant-Appellee.**

**No. 85–6035.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 19, 1987.

Decided March 26, 1987.

Alan Bryant Chambers (argued), Memphis, Tenn., for plaintiff-appellant.

W. Hickman Ewing, U.S. Atty., Memphis, Tenn., Mason D. Harrell, Jr. (argued), U.S. Postal Service, Office of Labor Law, Washington, D.C., for defendant-appellee.

Before KEITH, KRUPANSKY and GUY, Circuit Judges.

KEITH, Circuit Judge:

This appeal arises from the district court's grant of appellee United States Postal Service's motion to dismiss appellant Hilliard's complaint for failure to file suit

during the 30 day limitations period of 5 U.S.C. § 7703(b)(2).[1] This Court finds that appellant's complaint was not timely filed. Thus, we affirm the judgment of the Honorable Julia Smith Gibbons, United States District Court for the Western District of Tennessee.

Appellant, a handicapped person, brought this action before the Merit Systems Protection Board ("MSPB") claiming that his discharge from the United States Postal Service was without just cause and in violation of his civil rights. The MSPB held that appellant's discharge was proper, that appellant had failed to establish a prima facie case of handicap discrimination, and that even if appellant had been able to establish a prima facie case of handicap discrimination, appellee had proven that it had made a reasonable accommodation for the handicap. Pursuant to the provisions of 5 U.S.C. § 7703(b)(2), the MSPB advised appellant that he had "the right to file a civil action ... no later than 30 days after the Board's decision becomes final."

Appellant sought to obtain review of the MSPB decision by filing suit in the United States District Court for the Western District of Tennessee and the United States Court of Appeals for the Federal Circuit.[2] The 30th day of the 30 day time limit for filing the action was Sunday, February 6, 1983. Appellant filed suit in district court on Monday, February 7, 1983.

The issue in this case concerns whether a petition is timely filed pursuant to 5 U.S.C. § 7703(b)(2) where the limitations period expires on a Sunday (or Saturday or legal holiday) and the petition is filed on Monday (or the next day the courthouse is open). Appellant argues that notions of fundamental fairness require that the limitations

period be extended to allow the petition to be filed the following day when the courthouse is open. Appellant further argues that Fed.R.Civ.P. 6(a) should be applied to extend the limitations period.

Appellee argues that 5 U.S.C. § 7703(b)(2) is absolute and requires that the suit be filed within 30 days. Thus, appellee argues that the limitations period cannot be extended to confer jurisdiction where the suit is filed on the 31st day, even though the 30th day falls on a Sunday. We agree with the appellee's contention.

 The court of appeals reviews *de novo* a district court's decision on subject matter jurisdiction. *Clayton v. Republic Airlines, Inc.*, 716 F.2d 729, 730 (9th Cir. 1983). The court may affirm on any ground supported by the record even though the grounds relied on by the district court are different from the ones outlined by the appellate court. *See Salmeron v. United States*, 724 F.2d 1357, 1364 (9th Cir.1983).

Two circuits have recently ruled on the issue of whether the 30 day time limit of 5 U.S.C. § 7703(b)(2) is a jurisdictional prerequisite to filing suit. Both have determined that section 7703(b)(2) is jurisdictional and is not subject to enlargement. *King v. Dole*, 782 F.2d 274 (D.C.Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 194, 93 L.Ed.2d 126 (1986); *Lofton v. Heckler*, 781 F.2d 1390 (9th Cir.1986). In *King*, appellant appealed from a district court order dismissing the suit she filed 31 days after the MSPB's order affirming her removal from her civil service position. The district court held that the suit was not filed within the 30 day period provided pursuant to 5

---

1. Section 7703(b)(2) states the following:
 Cases of discrimination subject to the provisions of Section 7702 of this title shall be filed under § 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of

the judicially reviewable action under section 7702.

2. Appellant filed a petition in the Court of Appeals for the Federal Circuit to review those aspects of the MSPB decision unrelated to the allegations of discrimination. On December 6, 1983, 722 F.2d 1555, the court of appeals transferred the case to the district court because "mixed issues" were included. *Ballard v. Tennessee Valley Authority*, 768 F.2d 756 (6th Cir. 1985).

U.S.C. § 7703(b)(2). It noted that since the statute was "jurisdictional," the 30 day limit was not subject to equitable enlargement. *King v. Dole,* 595 F.Supp. 1140 (D.D.C.1984).

The Court of Appeals for the District of Columbia Circuit affirmed the district court. The court noted that the timeliness provision of 5 U.S.C. § 7703(b)(1)[3], an analogous section to 5 U.S.C. § 7703(b)(2), was in fact a jurisdictional time limit and was not subject to enlargement. *King,* 782 F.2d at 276. Using canons of statutory construction, the court concluded that the construction accorded to section 7703(b)(1) applied equally to similar terms of section 7703(b)(2), and that the latter section's time limitation was also not subject to enlargement. *Id.* at 275. The court thus rejected appellant's claim that the equities warranted an extension. *Id.* at 277; *see also Lofton v. Heckler,* 781 F.2d 1390 (9th Cir.1986) (pursuant to 5 U.S.C. § 7703(b)(2), appellant's failure to file within 30 days after receipt of notice of judicially reviewable action deprived court of jurisdiction.)

■ In the present case, appellant's arguments that the notions of fundamental fairness require that the limitations period be extended is without merit. We agree with the holdings in *King* and *Lofton* and find that the 30 day limitations period for filing an appeal under 5 U.S.C. § 7703(b)(2) is a jurisdictional prerequisite to judicial review of an MSPB decision and cannot be extended. Thus, once appellant failed to file his action within the 30 day limitation period, the district court properly dismissed the case for lack of jurisdiction.

Appellant's argument that Fed.R.Civ.P. 6(a)[4] should be applied to extend the limitations period is also without merit. This Court has declined to follow the reasoning of courts which have utilized Rule 6 to expand jurisdictional limitations periods. *Rust v. Quality Car Corral, Inc.,* 614 F.2d 1118 (6th Cir.1980); *Robinson v. Celebrezze,* 237 F.Supp. 115 (E.D.Tenn.1964). *Rust* involved the Truth in Lending Act, 15 U.S.C. Section 1601 *et seq.,* which provides a one year statute of limitations. Plaintiff was attempting to expand the limitations period by application of Rule 6(a). Although the Truth in Lending Act was enacted after Rule 6(a) became effective, this Court found that Rule 82 of the Federal Rules of Civil Procedure prohibited the use of Rule 6(a) to expand the jurisdiction of the court. *Rust,* 614 F.2d at 1119. We noted that Rule 6(a) did not operate to extend the limitations period for filing an action because the purpose of the Rule was to govern procedural matters once a case was properly before the court. The purpose was not to confer jurisdiction as an initial matter. *Id.*

■ The reasoning of *Rust* is equally applicable here. *See United States v. Glass Nursing & Convalescent Homes, Inc.,* 550 F.Supp. 1149, 1151 (S.D.Ohio 1982) (dicta). Rule 6(a) cannot save appellant's claim by expanding the limitations period to thirty-one days, even though the thirtieth day fell on a Sunday. Thus, the district court did not err in dismissing the action.

Accordingly, for the reasons set forth herein, we affirm the judgment of the Honorable Julia Smith Gibbons.

---

**3.** 5 U.S.C. § 7703(b)(1) states:

Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

**4.** Rule 6(a) provides, in pertinent part: "In computing any period of time prescribed or allowed ... by any applicable statute ... [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday."