David G. Karro, Atty., U.S. Postal Service, Washington, D.C., Thomas L. Watson, Asst. U.S. Atty., John P. Volz, U.S. Atty., New Orleans, La., for Tisch.

Debbie ARMSTRONG,
Plaintiff–Appellant,

v.

Preston R. TISCH, Postmaster General of the United States Postal Service, Defendant–Appellee.

No. 87–3139.

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1988.

Before BROWN, POLITZ, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

This appeal presents the *res nova* question whether the 30–day time limit prescribed in 29 C.F.R. § 1613.220(d) may end on a weekend or holiday, or whether it carries over to the next legal day. We conclude that the period must end on a legal day.

### Background

Debbie Armstrong was formerly employed by the United States Postal Service (USPS). She first lodged an informal complaint with the Equal Employment Opportunity Commission (EEOC), alleging a suspension because of her race and sex. Armstrong is a black female. When she was removed from her position, she filed a formal complaint.

Following a hearing, a complaint examiner recommended reinstatement with back pay and benefits. Under 29 C.F.R. § 1613.220(d), the USPS had 30 calendar-days to reject the recommendation, which would otherwise become binding. The last day of the 30–day period fell on Saturday, November 17, 1984. The USPS issued its final decision rejecting the recommendation on Monday, November 19, 1984, 32 days after receipt of the examiner's report, but the first legal day after the 29th day.

Armstrong declined to pursue her claim before the EEOC, but opted to file the instant complaint under § 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. After the USPS answered, Armstrong sought summary judgment, contending that the USPS was bound by the complaint examiner's recommendation because it had failed to reject that recommendation in the 30 days allowed. Summary judgment was denied and Armstrong's efforts to secure appellate review were rejected as premature. On remand, Armstrong advanced only the untimeliness of the USPS rejection. The matter was referred to a magistrate who dismissed the complaint. Armstrong appeals. The sole issue before us is whether the USPS acted timely. We conclude that it did.

*Analysis*

The issue presented is one of first impression.[1] Although we are not aware that this matter has been addressed by any court, we are cognizant of two decisions of the EEOC interpreting the 30–day limit of 29 C.F.R. § 1613.220(d) where the 30th day fell on a weekend or legal holiday. *In the Matter of the Request to Reopen By The United States Postal Service*, No. 05800039, July 7, 1982; *In the Matter of the Request to Reopen By the United States Postal Service*, No. 05840002, September 17, 1984. In these decisions the EEOC extended the limitation period to the next legal day, relying upon the opinion in *Pettit v. United States*, 488 F.2d 1026, 203 Ct.Cl. 207 (1973), interpreting a 15–day limitation in a regulation of the Civil Service Commission, predecessor in responsibility to the EEOC. The 15th day fell on a Saturday. The *Pettit* court extended the period to the following Monday.

While prepared to defer to the EEOC when it interprets its own regulations, in this instance we find more persuasive Rule 6 of the Federal Rules of Civil Procedure. Although that rule is itself not applicable, we conclude that its principle should guide today's disposition. Rule 6 provides in pertinent part:

> In computing any period of time ... [t]he last day of the period ... shall be included, unless it is a Saturday, a Sunday, or a legal holiday ... in which event the period runs until the end of the next day which is not one of the aforementioned days.

This rubric has universal acceptance. As recounted in Corpus Juris Secundum:

> Both at common law and by statute, as a general rule, when the last day of a period in which an act is to be done falls on a legal holiday on which the act cannot be legally done, the period will be extended and the act may be done on the following secular or business day.

86 C.J.S. Time § 14(3), p. 883. The Supreme Court applied this canon of construction before the advent of the Federal Rules of Civil Procedure in *Street v. United States*, 133 U.S. 299, 306, 10 S.Ct. 309, 311, 33 L.Ed. 631 (1890), stating that "a power that may be exercised up to and including a given day of the month may generally, when that day happens to be Sunday, be exercised on the succeeding day."

We conclude that this principle should control the application of the 30–day period provided for in 29 C.F.R. § 1613.220(d). Accordingly, the USPS action on Monday, November 19, 1984, constituted timely compliance with the regulation. That being the only issue presented by Armstrong, the decision of the magistrate dismissing her complaint is AFFIRMED.

---

1. Armstrong suggests that the decision in *Hilliard v. U.S. Postal Service*, 814 F.2d 325 (6th Cir.1987), interpreting 5 U.S.C. § 7703(b)(2), a jurisdictional time limit for filing civil rights cases in federal court, controls the issue before us. *Hilliard*, however, interprets a statute with the explicit limitation: "Notwithstanding any other provision of law, any such case ... must be filed within 30 days...." 5 U.S.C. § 7703(b)(2) (1982). Armstrong does not present to us such a statute. Rather, we have before us a regulation of the EEOC that affects another agency, the USPS. The regulation has no constricting language. Moreover, the regulation is not a congressional grant of jurisdiction to the federal courts. Given these distinctions we conclude that *Hilliard* is inapposite to this case.