877 F.2d 62
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
O. BROWN, Plaintiff-Appellant,
v.
LABORER'S INTERNATIONAL UNION OF NORTH AMERICA, MAIL HANDLER
DIVISION, U.S. Postal Service, Defendants-Appellees.
 No. 89-5091.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 O. Bobby Brown moves for judgment by default and appeals the district court's order dismissing his Title VII complaint with prejudice. Brown claims that the United States Postal Service (USPS) discriminated against him because of his race and retaliated against him because of his union activities and that the defendants' actions resulted in his wrongful discharge. Brown also alleges that he filed charges against the USPS with the defendant local union but that the union did not respond to his charges. Brown sought back pay, lost wages, reinstatement, compensatory and punitive damages, and injunctive relief.
 
 
 3
 Although Brown appealed his suspension by the USPS to the Merit Systems Protection Board and he petitioned for review of the Board's adverse decision, he did not file a timely request that the Court of Appeals for the Federal Circuit review the Board's decision or did he file a timely action in the district court following the Board's final decision. Since Brown's appeal was not timely and since the limitations period is jurisdictional and not subject to extension, see Hilliard v. United States Postal Serv., 814 F.2d 325, 327 (6th Cir.1987), we conclude that the district court properly dismissed Brown's claims against the USPS.
 
 
 4
 The court also dismissed Brown's unfair labor practice claim against the USPS. Although Brown alleged that the USPS refused to process his grievance, he did not file an action alleging the unfair labor practice charges within the six-month period established by Section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b) (1982). Thus, we agree with the district court that this claim is barred by the statute of limitations. In addition, to the extent that Brown's claim asserts an independent unfair labor practice claim, the National Labor Relations Board is the exclusive forum for adjudicating questions of unfair labor practices and, therefore, the district court would not have subject matter jurisdiction over such a claim. See Lexington Cartage Co. v. Int'l Bhd. of Teamsters, 713 F.2d 194, 195 (6th Cir.1983).
 
 
 5
 Finally, the court dismissed Brown's claims against the local and/or national union because he failed to file charges with the Equal Employment Opportunity Commission (EEOC) in a timely fashion. Since Section 706(e) of Title VII, 42 U.S.C. Sec. 2000e-5(e) (1982) requires that an unlawful employment practice charge be filed with the EEOC within 180 and since Brown failed to file a charge with any agency, the district court properly dismissed this claim. Likewise, to the extent that Brown seeks relief under the National Labor Relations Act, the applicable statute of limitations for such claims is six months and all of the events in this action occurred more than six months prior to the filing of the complaint. See Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1983).
 
 
 6
 Accordingly, the motion for default is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.