904 F.2d 373
 134 L.R.R.M. (BNA) 2384, 115 Lab.Cas. P 10,191
 Lynette ALLGOOD, et al., Plaintiffs-Appellants,
v.
The ELYRIA UNITED METHODIST HOME; Service, Hospital,
Nursing Home and Public Employees Union, Local 47;
James Horton; and Roosevelt Boone,
Defendants-Appellees.
 No. 89-3476.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 16, 1990.
Decided June 1, 1990.
 
 Robert F. Belovich (argued), Parma, Ohio, for plaintiffs-appellants.
 John C. Greiner, Thomas A. Brennan (argued), Daniel E. Burke, Susan J. Dlott, Graydon, Head & Ritchey, Cincinnati, Ohio, for the Elyria United Methodist Home.
 Melvin S. Schwarzwald (argued), Todd C. Park, Karen M. Crist, Schwarzwald, Robiner, Levin & Rock, Cleveland, Ohio, for Service, Hosp., Nursing Home and Public Employees Union, Local 47.
 Before GUY and BOGGS, Circuit Judges, and GADOLA, District Judge.*
 BOGGS, Circuit Judge.
 
 
 1
 Plaintiffs in this action, former employees of the Elyria United Methodist Home (the Home) and members of Service, Hospital, Nursing Home and Public Employees Union, Local 47 (Local 47), filed actions against the Home and Local 47 under section 301 of the Labor-Management Relations Act and section 101 of the Labor-Management Reporting and Disclosure Act. The six-month statute of limitations, which the court found to be applicable to both actions, expired on a Saturday. The plaintiffs filed their action the following Monday. The district court dismissed both claims as time-barred.
 
 
 2
 We reverse and remand as to both the LMRA and LMRDA claims. With respect to the LMRA claim, we hold that the six-month statute of limitations is to be interpreted under the counting rules of Rule 6(a), Fed.R.Civ.P. Thus, with respect to this claim, the complaint filed Monday is timely. We find that the LMRDA claim is more appropriately governed by the state residual personal injury statute of limitations, which in this case is two years.
 
 
 3
 * In 1987, the Home was in the last year of a three-year collective bargaining agreement with Local 47, which was to expire on December 31, 1987. The plaintiffs contended that, in the course of contract negotiations beginning in November 1987, the Home, Local 47, and two union officials, James Horton and Roosevelt Boone, violated section 301 of the Labor-Management Relations Act and section 101(a) of the Labor-Management Reporting and Disclosure Act.
 
 
 4
 On November 14, 1988, the appellants filed an action in the United States District Court for the Northern District of Ohio against the Home, Local 47, Horton, and Boone. They sued the defendants for breach of the duty of fair representation and violation of rights under section 301(a) of the Labor-Management Relations Act, 29 U.S.C. Sec. 185(a). They sued Local 47, Horton, and Boone for violation of section 101(a) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. Sec. 411(a). The court found that all causes of action accrued at the latest on May 12, 1988.[1] Under Adkins v. Int'l Union of Elec. Radio & Mach. Workers, 769 F.2d 330, 335 (6th Cir.1985) (for section 101 of the LMRDA) and DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983) (for section 301 of the LMRA), the district court found that a six-month statute of limitations applied.
 
 
 5
 In this case, the six-month period expired on Saturday, November 12, 1988. Friday, November 11, 1988, was Veteran's Day, when the court was closed. The court was closed on Saturday and Sunday. The court determined that Fed.R.Civ.P. 6(a) does not operate to extend a statute of limitations. See In re Butcher, 829 F.2d 596 (6th Cir.1987); Rust v. Quality Car Corral, Inc., 614 F.2d 1118 (6th Cir.1980); Hilliard v. United States Postal Service, 814 F.2d 325 (6th Cir.1987). Since the complaint was filed on Monday, November 14, 1988, the court concluded that it was barred by the statutes of limitations. It thus granted the defendants' motion to dismiss and plaintiffs timely appealed.
 
 II
 
 6
 The cases cited by the district court, Butcher, Rust, and Hilliard, concern statutes which confer jurisdiction. Under these statutes, if a litigant does not file within the allotted time, the court is deprived of jurisdiction. In Butcher, this court pointed out that,... the Bankruptcy Code creates a cause of action and confers jurisdiction on federal courts to hear cases arising under the Code. If a complaint seeking to avoid a preferential or fraudulent transfer is not filed in accordance with section 546(a), a bankruptcy court has no jurisdiction to hear the action.
 
 
 7
 In re Butcher, 829 F.2d 596, 600 (6th Cir.1987).
 
 
 8
 In Rust, we noted that,
 
 
 9
 [t]he Truth in Lending Act creates a cause of action and confers jurisdiction on federal courts to hear cases arising under the statute. That jurisdiction is defined and circumscribed by the Act itself, in a temporal as well as a substantive sense. If a complaint is not filed within the time period prescribed by 15 U.S.C. Sec. 1640(e), a federal court has no jurisdiction to entertain it.
 
 
 10
 Rust v. Quality Car Corral, Inc., 614 F.2d 1118, 1119 (6th Cir.1980).
 
 
 11
 In Hilliard, we stated that,
 
 
 12
 ... the 30 day limitations period for filing an appeal under 5 U.S.C. Sec. 7703(b)(2) is a jurisdictional prerequisite to judicial review of [a Merit Systems Protection Board] decision and cannot be extended. Thus, once appellant failed to file his action within the 30 day limitation period, the district court properly dismissed the case for lack of jurisdiction.
 
 
 13
 Hilliard v. United States Postal Serv., 814 F.2d 325, 327 (6th Cir.1987). These cases demonstrate that "[t]his Court has declined to follow the reasoning of courts which have utilized Rule 6 to expand jurisdictional limitations." Hilliard, 814 F.2d at 327 (emphasis added).
 
 
 14
 However, the reasoning expressed in Butcher, Rust, and Hilliard is inapplicable here. In DelCostello, the Supreme Court noted that hybrid section 301 suits are amalgams of section 301 suits against employers and breach of the duty of fair representation suits against unions under the NLRA:
 
 
 15
 ... as a formal matter, [a hybrid section 301 suit] comprises two causes of action. The suit against the employer rests on Sec. 301, since the employee is alleging a breach of the collective-bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.
 
 
 16
 DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 164, 103 S.Ct. 2281, 2290, 76 L.Ed.2d 476 (1983). It then determined that the six-month statute of limitations of 10(b) of the NLRA was appropriate to both claims. Id. at 155, 103 S.Ct. at 2285. We find that this six-month statute of limitations for hybrid section 301 suits, as applied to either the union or the employer, is procedural, not jurisdictional.
 
 
 17
 In regard to claims against a union, this court has held that the time period of 10(b) is not a restriction on the NLRB's power to consider claims against a union under the NLRA: "[t]his six months filing limit is 'a statute of limitations and not a restriction on the jurisdictional powers of the Board'." NLRB v. Babcock and Wilcox Co., 697 F.2d 724, 727 (6th Cir.1983), quoting NLRB v. Local 264, Laborer's Int'l Union, 529 F.2d 778, 785 (8th Cir.1976). When the principles of the NLRA are used here for claims against a union (albeit in the guise of a hybrid section 301 suit), we see no reason why the statute of limitations should not remain a procedural one.
 
 
 18
 Similarly, this statute of limitations is merely procedural when applied to the employer. We draw this conclusion from the language and purpose of section 301. Section 301(a) reads:
 
 
 19
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 
 
 20
 29 U.S.C. Sec. 185(a). This language does not simply confer jurisdiction; rather, it empowers federal courts to create a body of "federal common law" concerning labor policy. The Supreme Court has stated:In Textile Workers v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed 2d 972 (1957), the Court held that Sec. 301 does more than simply confer jurisdiction on federal courts to hear suits charging violations of collective-bargaining agreements. Id., at 450-451, 77 S.Ct., at 914-915. The Court concluded that Congress, through Sec. 301, had authorized federal courts to create a body of federal law for the enforcement of collective-bargaining agreements--law "which the courts must fashion from the policy of our national labor laws." Id., at 456, 77 S.Ct., at 918. It was explained in Allis-Chalmers [Corp. v. Lueck], 471 U.S. at 209, 105 S.Ct. [1904] at 1910 [85 L.Ed.2d 206 (1985) ], that the Court in Lincoln Mills "understood Sec. 301 as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts."
 
 
 21
 IBEW, AFL-CIO v. Hechler, 481 U.S. 851, 855-56, 107 S.Ct. 2161, 2165, 95 L.Ed.2d 791 (1987).
 
 
 22
 Since section 301 does not simply confer jurisdiction, a statute of limitations for filing an action under it is procedural, unlike the jurisdictional statutes of limitations at issue in Butcher, Rust, and Hilliard. The Supreme Court in International Union v. Hoosier Cardinal suggests this analysis:
 
 
 23
 Our cases have spoken of the federal law applicable to Sec. 301 suits as "substantive," and the need for uniformity in the "substantive principles" that govern these suits. In the view we take of the problem presented here, we need not decide whether statutes of limitations are "substantive" or "procedural." Nor need we rigidly classify them as "primary" or "remedial." To the extent that these terms are useful, we need only notice that lack of uniformity in limitations provisions is unlikely to have substantial effect upon the private definition or effectuation of "substantive" or "primary" rights in the collective bargaining process.
 
 
 24
 383 U.S. 696, 703 n. 4, 86 S.Ct. 1107, 1112 n. 4, 16 L.Ed.2d 192 (1966) (citations omitted). Accordingly, we hold that the six-month statute of limitations borrowed by DelCostello is, for our purposes here, procedural.
 
 
 25
 We are persuaded that Congress's failure to provide an explicit statute of limitations in section 301 further suggests that a judicially-borrowed one is simply procedural or remedial. The Supreme Court stated in Holmberg v. Armbrecht,
 
 
 26
 [i]f Congress explicitly puts a limit upon the time for enforcing a right which is created, there is an end of the matter. The Congressional statute of limitation is definitive. The rub comes when Congress is silent. Apart from penal enactments, Congress has usually left the limitation of time for commencing actions under national legislation to judicial implications. As to actions at law, the silence of Congress has been interpreted to mean that it is federal policy to adopt the local law of limitation. The implied absorption of State statutes of limitation within the interstices of the federal enactments is a phase of fashioning remedial details where Congress has not spoken but left matters for judicial determination within the general framework of familiar legal principles.
 
 
 27
 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946) (emphasis added) (citations omitted). The foregoing analysis holds for statutes of limitations borrowed from federal law.
 
 
 28
 We believe that these "familiar legal principles" discussed in Holmberg for application to borrowed procedural statutes of limitations include the counting rules of Rule 6(a). Indeed, in other contexts, district courts in our circuit correctly apply Rule 6(a) to the filing of actions under borrowed state statutes of limitations. See, e.g., Pack v. Proffitt, 463 F.Supp. 761 (E.D.Tenn.1976) (applying borrowed Tennessee statute of limitations in civil rights case). Additionally, we note that the NLRB interprets the six-month statute of limitations of 10(b) according to counting rules identical to Rule 6(a). 29 C.F.R. Sec. 102.111(a). We must give deference to an agency's interpretation of its own enabling statute. New York State Dept. of Social Services v. Dublino, 413 U.S. 405, 421, 93 S.Ct. 2507, 2516, 37 L.Ed.2d 688 (1973).
 
 
 29
 Applying "familiar legal principles," we hold that the filing of hybrid section 301 claims under the six-month statute borrowed in DelCostello should be interpreted in light of Rule 6(a), Fed.R.Civ.P. Since this statute is procedural, application of Rule 6(a) to it will not "... abridge, enlarge, or modify any substantive right." 28 U.S.C. Sec. 2075. Accordingly, the hybrid section 301 claim filed on Monday, November 14, 1988 was timely as to all defendants.
 
 III
 
 30
 The district court found that the appropriate statute of limitations for actions under section 101(a) of the LMRDA was six months, citing Adkins v. Int'l Union of Elec., Radio and Mach. Workers, 769 F.2d 330, 335 (6th Cir.1985). The Adkins court specifically addressed claims arising under section 101(a)(1) of the LMRDA. That court stated:
 
 
 31
 The factors guiding the Supreme Court's choice of the six-month limitations period for unfair labor practices in section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), however, were the close similarity of "all breaches of a union's duty of fair representation" to unfair labor practices and the congressional indication of the proper balance between the employee's interest in vindicating his rights and the national interests in the finality of labor law and industrial peace. These considerations compel application of section 10(b) to all unfair representation claims, regardless of the nature or presence of the section 301 claim. For the same reasons, the claim against the unions in the Adkins case under [section 101(a)(1) ] of the Labor Management Reporting and Disclosure Act is subject to the same six-month limit.
 
 
 32
 Adkins v. Intern. Union of Elec., Radio & Mach., 769 F.2d 330, 334-35 (6th Cir.1985) (citations omitted).
 
 
 33
 However, after the Supreme Court's decision in Reed v. United Transportation Union, 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), we are persuaded that claims under either section 101(a)(1) or 101(a)(2) of the LMRDA bear more similarity to constitutional violations redressible under 42 U.S.C. Sec. 1983 than to labor disputes, and are thus more appropriately governed by the state residual personal injury statute of limitations.
 
 
 34
 The Reed court explicitly stated that section 101(a)(2) claims are governed by the state statute of limitations. 488 U.S. 319, ----, 109 S.Ct. 621, 630, 102 L.Ed.2d 665 (1989). In dicta, it suggested that section 101(a)(1) claims may also be more appropriately governed by the state residual personal injury statute of limitations than that of section 10(b):
 
 
 35
 We have no occasion in this case, which involves a Sec. 101(a)(2) free speech claim, to decide what statute of limitations applies to other Title I actions. We note, nevertheless, that however direct an effect some Title I claims may have on the collective bargaining agreement or on private dispute resolution, Title I claims all serve the core function of enhancing union democracy through enforcement of rights of union members, not of protecting the integrity of collective bargaining or of grievance and arbitration procedures.
 
 
 36
 109 S.Ct. at 629 n. 6 (emphasis in original). Thus, the Supreme Court's analysis in Reed calls into question this court's analysis in Adkins as to the application of a six-month statute of limitations to section 101(a)(1) claims.
 
 
 37
 Like this court in Adkins, the Seventh Circuit in Clift v. Intern. Union, UAW, 818 F.2d 623 (7th Cir.1987) (per curiam) (Clift I ), held that claims under section 101(a)(1) were governed by the six-month statute of limitations of section 10(b) of the NLRA. 818 F.2d at 628-29. The Supreme Court granted a writ of certiorari in that case, and remanded it to the Seventh Circuit to determine the appropriate statute of limitations for section 101(a)(1) claims in light of Reed. Clift v. Intern. Union, UAW, --- U.S. ----, 109 S.Ct. 830, 102 L.Ed.2d 963 (1989).
 
 
 38
 On remand, the Seventh Circuit found the state residual personal injury statute of limitations to be more appropriate than that of section 10(b) of the NLRA. Clift v. Intern. Union, UAW, 881 F.2d 408 (7th Cir.1989) (Clift II ). In particular, the Clift II court stated:
 
 
 39
 [B]oth Sections 101(a)(1) and (a)(2) of Title I were designed to serve as the union members' statutory counterpart to the Bill of Rights of the Constitution. Like the Bill of Rights, Title I directly confers specific rights upon union members, thus empowering them to protect their own interests in the context of an intra-union dispute. In a word, Title I seeks to protect the political or civil rights of union members; an infringement upon the equal rights and privileges of a union member in violation of Section 101(a)(1) is analogous to an infringement of one's constitutional rights, the latter being redressible under Sec. 1983. Although the claims in this particular case bear upon formation of the collective bargaining agreement, this alone is insufficient under Reed to compel the application of a federal limitations period.
 
 
 40
 881 F.2d at 412 (citations omitted). We agree with the foregoing analysis of the Clift II court.
 
 
 41
 In light of the Supreme Court's decision in Reed, we also find that section 101(a)(1) claims are more appropriately governed by the state residual personal injury statute of limitations. The Ohio residual personal injury statute of limitations is two years. O.R.C. Sec. 2305.10; Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc). Thus, the plaintiffs' claim under section 101(a) of the LMRDA, whether under section 101(a)(1) or 101(a)(2), was timely filed on November 14, 1988.
 
 
 42
 The judgment of the district court is reversed, and the case is remanded with directions to reinstate both claims that were dismissed as time-barred.
 
 
 
 *
 The Honorable Paul V. Gadola, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The plaintiffs argue that some of the violations asserted occurred after this date, an argument which the district court rejected. In light of the holding of this opinion, however, we need not decide whether the district court erred in its determination