81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jacqueline WILLIAMS-LOCKHART, Plaintiff-Appellant,
v.
Togo D. WEST, Jr., Secretary of the United States Army; Ben
L. Erdreich, Chairman of the United States Merit Systems
Protection Board; Mark Grazioli; Brian Lorence; Ronald
Bobbit, Defendants-Appellees.
 No. 95-1222.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1996.
 
 Before: KRUPANSKY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Jacqueline Williams-Lockhart appeals pro se from a district court judgment that dismissed her employment discrimination case filed under Title VII of the Civil Rights Act of 1964 as well as 42 U.S.C. §§ 1985 and 1986. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Williams-Lockhart alleged that the Army Corps of Engineers terminated her employment in 1991, because of racial and gender discrimination. The Army Corps of Engineers made an agency finding of no discrimination in 1993, and Williams-Lockhart appealed to the Merit Systems Protection Board ("MSPB"). An Administrative Law Judge ("ALJ") rejected her claim, after finding that Williams-Lockhart's termination was based on her failure to indicate on an employment application that she had resigned from a prior job in lieu of dismissal for inadequate performance. The ALJ's opinion became the MSPB's final decision on June 22, 1994, when a panel of the Board declined further review.
 
 
 3
 Williams-Lockhart alleged that the defendants: 1) violated her rights under Title VII; 2) used improper procedures; 3) conspired to prevent her from performing her duties; 4) conspired to deny her right to equal protection; 5) failed to prevent the alleged conspiracies; and 6) violated her right to due process. The district court dismissed the case on December 21, 1994. Williams-Lockhart's motion to reconsider was denied on January 12, 1995, and she now appeals.
 
 
 4
 Williams-Lockhart first alleged that the Army Corps of Engineers violated Title VII of the Civil Rights Act of 1964, because her termination was based on racial and gender discrimination. The district court properly held that § 717 of the Civil Rights Act provides the exclusive judicial remedy for claims of discrimination in federal employment. See Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976). When a federal employee seeks judicial review of a decision by the MSPB, the district court's jurisdiction is governed by 5 U.S.C. § 7703(b)(2), which requires that the complaint "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action."
 
 
 5
 The MSPB entered its final decision in the present case on June 22, 1994. It is undisputed that Williams-Lockhart received this decision before August 21, 1994. Therefore, the dismissal of Williams-Lockhart's Title VII claim was clearly proper because she did not file her complaint until September 20, 1994, more than 30 days after receiving the MSPB's decision. See Brown, 425 U.S. at 835; Hilliard v. United States Postal Serv., 814 F.2d 325, 326-27 (6th Cir.1987). The dismissal of her other claims was also proper for this reason, insofar as they are based on allegations of employment discrimination. See id.
 
 
 6
 Williams-Lockhart now argues that the 30-day period was extended by § 114 of the Civil Rights Act of 1991. This argument lacks merit because § 7703(b)(2) applies "[n]otwithstanding any other provision of law." See Dean v. Veterans Admin. Regional Office, 943 F.2d 667, 670 (6th Cir.1991), vacated on other grounds, 503 U.S. 902 (1992). Williams-Lockhart also argues that her representative did not receive timely notice of the MSPB's decision. This argument fails because the 30-day limit for seeking judicial review is not subject to equitable tolling. See id.; Hilliard, 814 F.2d at 327. Moreover, the record shows that the MSPB served both Williams-Lockhart and her representative on June 22, 1994.
 
 
 7
 Williams-Lockhart next alleged that the Army Corps of Engineers used improper and inadequate procedures to terminate her employment. The district court properly rejected this claim because a cognizable civil rights claim cannot be raised against a federal agency, such as the Army Corps of Engineers. See FDIC v. Meyer, 114 S.Ct. 996, 1005-06 (1994). Nevertheless, we note that Williams-Lockhart was afforded an agency hearing in addition to her administrative hearing at the MSPB.
 
 
 8
 Williams-Lockhart alleged that her superiors at the Army Corps of Engineers conspired to deny her equal protection and to prevent her from performing her duties, in violation of 42 U.S.C. § 1985. However, these claims are preempted by the Civil Service Reform Act. See Bush v. Lucas, 462 U.S. 367, 390 (1983); Jones v. Tennessee Valley Auth., 948 F.2d 258, 265 (6th Cir.1991). Even if a remedy were available under § 1985, these claims would be time-barred because they arose more than three years before the complaint was filed. See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986).
 
 
 9
 Williams-Lockhart also alleged that her superiors at the Army Corps of Engineers violated 42 U.S.C. § 1986 by not preventing the conspiracies that she had alleged. As indicated above, this claim is preempted by the Civil Service Reform Act. See Bush, 462 U.S. at 390. Additionally, the claim is time-barred under the express provisions of 42 U.S.C. § 1986, as it arose more than a year before Williams-Lockhart filed her complaint.
 
 
 10
 Finally, Williams-Lockhart alleged that the MSPB violated her right to due process under the Fifth Amendment because the ALJ was biased. She alleges that the ALJ denied her discovery request and misstated the agency's reasons for terminating her employment. This claim is unavailing because the employing agency, rather than the MSPB, is the proper party in cases where procedural issues are linked to claims regarding the merits of the MSPB's decision. See 5 U.S.C. § 7703(a)(2); Amin v. MSPB, 951 F.2d 1247, 1252-54 (Fed.Cir.1991). Moreover, the reasons for termination outlined in the ALJ's decision are consistent with those stated by the agency, and the ALJ gave valid reasons for denying the discovery request.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.