98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David E. SHUMAKER, Plaintiff-Appellant,
v.
YPSILANTI POLICE DEPARTMENT; 14A District Court,
Defendants-Appellees.
 No. 95-2318.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1996.
 
 Before: NORRIS, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 David E. Shumaker appeals pro se from a district court judgment that dismissed his civil rights case, which we construe as having been filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Shumaker alleged that his rights were violated by the police department and state district court in Ypsilanti, Michigan, where he apparently worked as a cab driver. In particular, Shumaker alleged: 1) that the defendants operated a "careless driving trap" and that they "combined to enforce an unconstitutional statute denying a right to a trial by jury on misdemeanor traffic tickets;" 2) that the state court held biased hearings instead of jury trials in these types of cases; 3) that the police department refused to collect fingerprint evidence in cases where cab drivers were robbed; and 4) that the police department refused to stop an unlicensed cab operation in violation of a city ordinance.
 
 
 3
 The case was referred to a magistrate judge who recommended that the complaint be dismissed sua sponte because Shumaker had not alleged sufficient facts to establish a case or controversy between himself and the defendants. On November 13, 1995, the district court adopted this recommendation over Shumaker's objections and dismissed the case for lack of standing. It is from this judgment that Shumaker now appeals.
 
 
 4
 The district court may dismiss a case for lack of jurisdiction if there is not a case or controversy between the parties. Fed.R.Civ.P. 12(b)(1); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). We review such a dismissal de novo on appeal. Hilliard v. United States Postal Serv., 814 F.2d 325, 326 (6th Cir.1987).
 
 
 5
 The magistrate judge's report put Shumaker on notice regarding the deficiencies in his complaint. The objections that Shumaker filed to this report primarily reiterate the demands for equitable relief that were contained in his complaint. A party waives his right to appellate review if he does not file specific objections to a magistrate judge's report and recommendation after being advised of his right to do so. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Thus, the absence of specific objections to the magistrate judge's finding regarding Shumaker's lack of standing provides a sufficient basis for affirming the dismissal of his case under Rule 12(b)(1). See Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995); Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.