OPINION
BERNICE BOUIE DONALD, Circuit Judge.
The instant appeal involving KNC Investments, LLC (“KNC”) and Lane’s End Stallions, Inc. (“Lane’s End”) arose following this Court’s remand to the district court — via sealed per curiam order — to determine whether subsequent events mooted the issues KNC raised in its prior appeal, No. 12-5650. On remand, the district court found that no live case or controversy remained and accordingly granted Lane’s End’s motion to dismiss the case for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, we AFFIRM the judgment of the district court.
I.
Lane’s End serves as Syndicate Manager for the owners of interests in the Lem *383 on Drop Kid Syndicate (“the Syndicate”). Lemon Drop Kid is a Thoroughbred horse. The agreement establishing the Syndicate transferred ownership of Lemon Drop Kid from the original, single owner into syndicate form to provide for the horse’s management and supervision. The Syndicate consists of forty equal fractional ownership interests (“Fractional Interests”). A holder of a Fractional Interest is an Owner. Each Owner has various rights under the agreement, including breeding Nominations.
On February 28, 2011, KNC purchased Fractional Interest No. A05 in the Syndicate from its previous Owner. At the time of this purchase, the Original Syndicate Agreement (“Original Agreement”), effective November 30, 2000, governed the rights and responsibilities of the Owners and the Syndicate Manager. The Original Agreement contained a procedure whereby thirty-four of the forty Owners of Fractional Interests could amend it.
After buying Fractional Interest No. A05, KNC became concerned about some of Lane’s End’s business practices. Those practices included Lane’s End’s making contracts related to the Syndicate in its own name, failing to segregate the Syndicate’s assets from those of other syndicates managed by Lane’s End, and handling of breeding Nominations.
On January 17, 2012, KNC filed suit against Lane’s End, as Syndicate Manager, in the United States District Court for the Eastern District of Kentucky, asserting four claims and seeking declaratory relief, injunctive relief, and damages. In May of 2012, the district court granted Lane’s End’s motion to dismiss and denied KNC’s motion for discovery. KNC appealed to this Court.
Before this Court adjudicated KNC’s prior appeal, the other thirty-nine Owners of Fractional Interests in the Syndicate voted to amend the Original Agreement and expressly to ratify Lane’s End’s past actions as Syndicate Manager. Lane’s End then sought to dismiss the appeal as moot based on the Amended Syndicate Agreement (“Amended Agreement”). This Court remanded to the district court to determine in the first instance whether the Amended Agreement mooted KNC’s claims. On remand, the district court found that no live case or controversy remained and accordingly granted Lane’s End’s Rule 12(b)(1) motion to dismiss for lack- of subject-matter jurisdiction. KNC again appealed to this Court.
II.
A.
In granting Lane’s End’s motion to dismiss for lack of subject-matter jurisdiction, the district court decided only the question of whether KNC’s claims are now moot in light of the Amended Agreement. Because the district court considered only the issue of mootness on remand, we confine our review to that issue. Wright v. Holbrook, 794 F.2d 1152, 1157 (6th Cir.1986) (“[T]he general rule is that this court will not consider issues not raised in the district court.”); see also Norfolk & W. Ry. Co. v. City of Oregon, 210 F.3d 372, 2000 WL 377064, at *4 (6th Cir.2000) (Table) (“The district court limited its remand to that issue and, likewise, our review is similarly limited.” (footnote omitted)).
We generally review de novo a district court’s decision to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). Howard v. Whitbeck, 382 F.3d 633, 636 (6th Cir.2004). If the lower court, however, “does not merely analyze the complaint on its face, but instead inquires into the factual predicates for jurisdiction, the decision on the Rule 12(b)(1) motion resolves a ‘factual’ challenge rather than a *384 ‘facial’ challenge, and we review the district court’s factual findings for clear error.” Id. (citing RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1133-35 (6th Cir.1996); United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.1994); Ohio Nat’l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir.1990)). Lane’s End’s challenge to the existence of subject-matter jurisdiction in this case is a factual one because the district court analyzed the complaint in light of the Amended Agreement, which Lane’s End contends deprives the court of a “factual predicate[ ]” for jurisdiction. Id. We therefore review the district court’s factual findings for clear error and its legal conclusions de novo. See Howard, 382 F.3d at 636.
B.
This Court has stated that “ ‘[t]he test for mootness is whether the relief sought would, if granted, make a difference to the legal interest of the parties.’ ” Wedgewood Ltd. P’ship I v. Twp. of Liberty, 610 F.3d 340, 348 (6th Cir.2010) (quoting Ford v. Wilder, 469 F.3d 500, 504 (6th Cir.2006)). The “heavy burden of demonstrating mootness” lies with the party claiming that the case is moot. Cleveland Branch, NAACP v. City of Parma, 263 F.3d 513, 530-31 (6th Cir.2001) (citing Cnty. of L.A. v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). We agree with the district court that Lane’s End met its burden to prove the mootness of this controversy in light of the Amended Agreement, which now expressly ratifies Lane’s End’s past conduct.
KNC’s Complaint asserts four claims against Lane’s End. Count I seeks a declaratory judgment, based on the Original Agreement, requiring Lane’s End to segregate the Syndicate’s funds and business dealings. Count II seeks a permanent injunction, based on the Original Agreement, to prevent Lane’s End from commingling the Syndicate’s funds or making Syndicate contracts in the name of Lane’s End. Count III seeks a declaratory judgment, based on the Original Agreement, requiring Lane’s End to allocate excess Nominations to Syndicate Members and requiring Lane’s End to give the Owners first priority to purchase any Nominations sold by the Syndicate. Count IV seeks compensatory and punitive damages for Lane’s End’s alleged violations of its fiduciary duties to the Owners under the Original Agreement. All the claims KNC brought in the district court therefore were based on the Original Agreement.
Events that transpired after KNC filed its Complaint, however, prevent it from asserting any claims under the Original Agreement. The other thirty-nine Owners of Fractional Interests in the Syndicate— all save for KNC — voted in May and June of 2012 to amend the Original Agreement. The Amended Agreement addresses the actions taken by Lane’s End that KNC complains of in this litigation. Specifically, the language of the Amended Agreement expressly ratifies all of Lane’s End’s past actions regarding the handling of Syndicate funds, making contracts in the name of Lane’s End, and allocating breeding Nominations. Kentucky law permits such ratification, even with the consent of a simple majority of the owners. See Weisbord/Etkin/Goldberg v. Gainesway Mgmt. Corp., N O.-2007-CA-000280-MR, 2008 WL 820950, at * 5-6 (Ky.Ct.App. Mar. 28, 2008) (“The appellants provide no convincing authority in law or in the express language of the Agreement to support the view that such a post facto approval of the transfer of one share must be approved by all the members of the syndicate.”).[1]
*385 Accordingly, the district court’s factual conclusion — based on the affidavit submitted by Thomas Hyams, Secretary and Treasurer of Lane’s End — that the other thirty-nine Owners in the Syndicate followed the proper procedures for ratifying Lane’s End’s prior actions is not clearly erroneous. KNC failed to present probative evidence to the district court rebutting Hyams’ affidavit, and the Amended Agreement specifically ratifies all of Lane’s End’s past actions. This Court thus cannot grant any relief that “would ... make a difference to the legal interest of the parties.” Wedgewood, 610 F.3d at 348 (quoting Ford, 469 F.3d at 504) (internal quotation marks omitted).
C.
KNC nonetheless contends that the district court committed two legal errors in granting Lane’s End’s Rule 12(b)(1) motion to dismiss. First, KNC argues that the district court failed to follow the mandate in our prior remand order, which KNC construes to contain a requirement that the district court decide disputed issues of material fact via the discovery process. Second, KNC argues that the other Owners’ decision to amend the Original Agreement cannot moot its claim seeking compensatory and punitive damages for Lane’s End’s alleged violations of fiduciary duties to the Syndicate.
In remanding to the district court to determine in the first instance whether this case is moot, we neither held that there were disputed issues of fact nor required the district court to conduct discovery. In Chrysler Corp. v. Fedders Corp., 643 F.2d 1229 (6th Cir.1981), this Court held that whether or not to allow discovery prior to deciding a motion to dismiss for lack of jurisdiction is within the discretion of the district court. Id. at 1240 (“A ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown.”). The instant case is analogous to Chrysler Corp. because KNC did not present any probative evidence to the district court to support its allegations that Lane’s End acted improperly during the amendment process in May and June of 2012. See id. (“Inasmuch as Chrysler failed to offer any factual basis for its allegations of conspiracy, it was well within the trial court’s discretion to deny Chrysler’s request for discovery.”). The district court therefore did not abuse its discretion in denying as moot KNC’s discovery request.
KNC’s second argument, that the amendment of the Original Agreement cannot moot its claim for damages regarding Lane’s End’s alleged breach of fiduciary duties, has some superficial appeal. Indeed, this Court has stated: “[Wjhere a claim for injunctive relief is moot, relief in the form of damages for a past constitutional violation is not affected.” Gottfried v. Med. Planning Servs., Inc., 280 F.3d 684, 691 (6th Cir.2002) (emphasis added) (citing Univ. of Tex. v. Camenisch, 451 U.S. 390, 393-94, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981); Powell v. McCormack, 395 U.S. 486, 495-500, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). Even where a past constitutional violation is at issue, however, “[t]he key question is whether [the plaintiff] has a viable claim for damages.” Id. Setting aside the fact that KNC has not alleged a constitutional violation in this case, KNC’s claim for damages is no long *386 er viable in light of the Amended Agreement.
Although KNC correctly points out that the district court improperly relied on its own non-final order of dismissal to conclude that KNC’s claim for alleged breaches of fiduciary duties was moot, that improper rehance does not constitute a reversible error. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994) (citing Hilliard v. U.S. Postal Serv., 814 F.2d 325, 326 (6th Cir.1987)) (“[W]e may affirm on any grounds supported by the record, even though they may be different from the grounds relied on by the district court.”). KNC’s claim is moot because the other Owners of Fractional Interests in the Syndicate expressly ratified Lane’s End’s conduct in relation to KNC in the Amended Agreement. Therefore, KNC no longer has a viable claim for damages.
III.
Accordingly, we AFFIRM the judgment of the district court.

. We recognize that the Weisbord court reached this conclusion in a case where the *385 syndicate agreement was not amended, which is different from the situation here. We cite this case only to demonstrate that the other Owners of Fractional Interests in the Syndicate were permitted under Kentucky law to ratify Lane’s End’s past conduct without KNC’s consent.