# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1388

_____

Steve Curtis

*Plaintiff - Appellant*

v.

Nucor Corporation

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: January 11, 2018
Filed: March 1, 2018
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Steve Curtis appeals the district court's[1] grant of summary judgment to Nucor Corporation on his claims under the Family and Medical Leave Act ("FMLA").

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

Because there is no genuine issue of material fact as to whether Curtis had a serious health condition sufficient to avoid summary judgment, we affirm.

Curtis worked as a port crane operator for Nucor. On Saturday, October 19, 2013, he injured his knee while hunting. Curtis was scheduled to work a four-day shift beginning on Tuesday, October 22, but he notified his supervisor that he was unable to work. He first saw a doctor the following Monday, October 28—nine days after his initial injury. The doctor diagnosed Curtis with "left knee pain" and prescribed him anti-inflammatory medication. According to Curtis, the doctor told him to return "if anything gets any worse," but he did not return to the clinic or communicate with the doctor for more than two months. After leaving his appointment on October 28, Curtis drove to Nucor's facility in Blytheville, Arkansas to deliver a note excusing himself from work through the end of the year. The doctor's note explained that Curtis "is under my medical care," but it did not address Curtis's four-day absence.

The doctor also returned an FMLA certification form to Nucor explaining that Curtis had "no use of left lower extremity" with an onset date of October 28, 2013. The certification stated that further treatment would be "as needed." Because Nucor personnel observed Curtis walking when he delivered the note, they decided to seek a second opinion and scheduled an appointment for Curtis with a physician in Memphis, Tennessee, which Curtis refused to attend. Nucor then denied Curtis's request for FMLA leave and terminated his employment, citing his four-day unexcused absence. Curtis brought FMLA entitlement and discrimination claims.[2]

---

[2] Curtis has labeled these FMLA claims as "interference" and "retaliation" claims, but the district court used our preferred labels of "entitlement" and "discrimination." *See Pulczinksi v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005-06 (8th Cir. 2012). In addition, Curtis brought a claim under the Arkansas Civil Rights Act. The district court granted summary judgment to Nucor on this claim, but Curtis did not appeal that ruling.

The district court granted Nucor's motion for summary judgment, and Curtis timely appealed.

We review *de novo* the district court's grant of summary judgment. *Tension Envelope Corp. v. JBM Envelope Co.*, 876 F.3d 1112, 1116 (8th Cir. 2017). A motion for summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

To succeed on his FMLA entitlement and discrimination claims, Curtis must show he was in fact entitled to FMLA leave. *See Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 518 (8th Cir. 2015). An employee is entitled to FMLA leave if he suffers from "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Under the regulations applicable here, a serious health condition requires "continuing treatment by a health care provider as defined in § 825.115." *See* 29 C.F.R. § 825.113(a).

Section 825.115 outlines several means of establishing continuing treatment. For an acute condition involving a period of incapacity of more than three consecutive days, continuing treatment includes either (1) treatment "two or more times, within 30 days of the first day of incapacity," *id.* § 825.115(a)(1); or (2) initial in-person treatment followed by "a regimen of continuing treatment under the supervision of the health care provider," *id.* § 825.115(a)(2). In either case, the first in-person treatment visit "must take place within seven days of the first day of incapacity." *Id.* § 825.115(a)(3). For a chronic condition, continuing treatment requires periodic visits at least twice per year to treat a condition that continues over an extended period of time and that "may cause episodic rather than a continuing period of incapacity." *Id.* § 825.115(c).

We agree with the district court that there is no genuine issue of material fact as to whether Curtis was entitled to FMLA leave for either an acute or a chronic condition. First, he failed to satisfy § 825.115(a)(1) because he did not receive treatment two or more times within thirty days of the first day of incapacity. Second, assuming Curtis's October 28 visit to the doctor, prescription, and instructions to return "as needed" or "if anything gets any worse" satisfy § 825.115(a)(2), his first in-person treatment visit did not occur within seven days of the first day of incapacity, as required by § 825.115(a)(3).[3] Third, he cannot show that he met the chronic-condition treatment requirements. Curtis's FMLA certification specifically stated that the condition would not require treatment visits at least twice per year and would not cause episodic flare-ups. *See id.* § 825.115(c). As a result, there is no genuine dispute as to whether Curtis had a serious health condition under the FMLA.

He nevertheless argues that Nucor violated the FMLA by imposing unlawful requirements for obtaining a second opinion and by terminating his employment.

---

[3]Curtis argues that enforcing the seven-day requirement would produce "an absurd result" by making his serious health condition hinge on the day in which he saw the doctor. Curtis lives in a rural area and says he took the first available appointment. Because the seventh day after his first day of incapacity fell on Saturday, October 26, he urges us to look to Federal Rule of Civil Procedure 6(a). Under Rule 6(a)(1)(C), Curtis's initial visit would meet the seven-day requirement because the seventh day fell on a weekend and he saw a doctor the following Monday. While some courts have applied the principles underlying Rule 6(a) to time periods set forth in regulations, *see Armstrong v. Tisch*, 835 F.2d 1139, 1140 (5th Cir. 1988) ("Although that rule is itself not applicable, we conclude that its principle should guide today's disposition."); *LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1237-38 (9th Cir. 2015), we decline to do so here. The Department of Labor acknowledged that "it can often take several days to get an appointment with a health care provider, particularly in rural areas and communities with limited numbers of providers." FMLA Final Rule, 73 Fed. Reg. 67934, 67948 (Nov. 17, 2008). Nonetheless, balancing the interests of employees and employers, it settled on seven days as the "outer limit for the first visit." *Id.*

Because Curtis has not shown that he had a serious health condition under the FMLA, however, we need not consider these arguments. *See Rankin v. Seagate Techs., Inc.*, 246 F.3d 1145, 1147 (8th Cir. 2001) ("Where absences are not attributable to a 'serious health condition,' however, FMLA is not implicated and does not protect an employee against disciplinary action based upon such absences."); *see also Johnson*, 779 F.3d at 521 (refusing to consider technical violations of the FMLA or the reasons for termination of employment where employee failed to show a serious health condition).

For these reasons, we affirm.

_____