Opinion by Judge PAEZ; Dissent by Judge N.R. SMITH.
OPINION
PAEZ, Circuit Judge:
Andre LeGras appeals the district court’s judgment in favor of Defendants Federal Express Corporation Long Term Disability Plan and AETNA Life Insurance Company (collectively, “AETNA”). In a letter denying LeGras’s application for continued long-term disability benefits, AETNA informed LeGras that he could file an internal appeal of the decision within 180 days. The 180-day period ended on a Saturday. Although LeGras mailed his appeal the following Monday, AETNA denied it as untimely. The district court dismissed LeGras’s action for failure to exhaust administrative remedies. We reverse. We hold that because the last day of the appeal period fell on a Saturday, neither that day nor Sunday count in the computation of the 180 days. As LeGras mailed his notice of appeal on Monday, it was timely. This method of counting time is widely recognized and furthers the goals and purposes of the Employee Retirement Income Security Act (“ERISA”), 29 U.S.C. § 1001 et seq. We therefore adopt it as part of ERISA’s federal common law.
I.
In October 2008, LeGras seriously injured himself while working as a ramp transport driver for Federal Express Corporation (“FedEx”), a job he had held for twenty-three years. LeGras suffered a serious back injury that caused severe and sustained pain. Subsequent. surgeries did not correct the problem. As an employee of FedEx, LeGras was a participant and beneficiary of FedEx’s Long Term Disability Plan (“LTD Plan” or “Plan”). In May 2009, he began receiving disability benefits under the Plan. Subsequently, AETNA, the Plan’s Claims Paying Administrator, informed LeGras that his benefits would terminate on May 24, 2011, unless he could establish that his disability qualified as a “total disability” under the LTD Plan.
After LeGras attempted to make the required showing, AETNA sent LeGras a letter explaining that the evidence he submitted did not establish that he suffered from a total disability. Of concern' to AETNA was LeGras’s alleged failure to prove that he could not “sit or use [his] upper extremities for sedentary work.” LeGras received the letter at 1:23 p.m. on April 18, 2011. The letter stated, “[i]f you disagree with the above determination, in whole or in part, you may file a request to appeal this decision within 180 days of receipt of this notice.”
The parties agree that the 180-day appeal period expired on October 15, 2011, a Saturday. LeGras mailed his appeal the following Monday. On January 17, 2012, AETNA denied LeGras’s appeal as untimely. LeGras filed an action in the district court pursuant, to 29 U.S.C. § 1132, the civil enforcement provision of ERISA. After answering the complaint, AETNA filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). AETNA argued that LeGras failed to exhaust his administrative remedies because he mailed his appeal after the 180-day period specified in the April 18, 2011 denial letter lapsed. The district *1236 court granted the motion and entered judgment in favor of AETNA.[1]
LeGras timely appealed.[2]
II.
We review de novo an order granting a motion for judgment on the pleadings under Rule 12(c). Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir.2009). We accept the factual allegations in the complaint as true, and view them in a light most favorable to the plaintiff. Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1301 & n. 2 (9th Cir.1992).
The federal statute governing claims procedures under ERISA requires that “in accordance with regulations of the Secretary [of Labor], every employee benefit plan shall ... afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.” 29 U.S.C. § 1133(2). The regulation implementing 29 U.S.C. § 1133 states that a “reasonable opportunity for a full and fair review” is “at least 180 days following receipt of a notification of an adverse benefit determination within which to appeal....” 29 C.F.R. § 2560.503-l(h)(3), (h)(3)®, (h)(4). Neither the governing statute, nor the implementing regulation, “specify a method of computing time.”[3] Cf. Fed.R.Civ.P. 6(a). This leaves a number of unresolved ambiguities. For instance, did the 180 days begin on April 18, 2011, the day LeGras received the notice, or on the following day? Does the final day end at 1:23 p.m., 5:00 p.m., or midnight? And, as is relevant here, if the final day lands on a weekend or holiday, is the participant permitted to file his appeal on the next business day? The widespread understanding that a deadline falling on a Saturday, Sunday, or holiday extends to the next business day answers -this question.
Congress, in enacting ERISA, has “empowered the courts to develop, in light of reason and experience, a body of federal common law governing employee benefit plans.” Menhorn v. Firestone Tire & Rubber Co., 738 F.2d 1496, 1499 (9th Cir.1984). This federal common law “supplements] the explicit provisions and general policies set out in ERISA ... governed by the federal policies at issue.” Id. at 1500. One of ERISA’s declared policies is to “protect the interest of [plan] participants” and to provide “adequate safeguards ... [that are] desirable in the interests of employees.” 29 U.S.C. § 1001. Indeed, we have repeatedly stated that ERISA is remedial legislation that should be construed liberally to “protect[ ] participants in employee benefits plans.” McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1172 (9th Cir.1999); Batchelor v. Oak Hill Med. Grp., 870 F.2d 1446, 1449 (9th Cir.1989); Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir.1984).
*1237 We have developed ERISA federal common law furthering these interests several times before. See, e.g., Security Life Ins. Co. of America v. Meyling, 146 F.3d 1184, 1191 (9th Cir.1998) (recognizing, under ERISA federal common law that a reeission remedy exists when an insured makes material false representations about his health); Schikore v. BankAmerica Supplemental Ret. Plan, 269 F.3d 956 (9th Cir.2001) (invoking federal common law to incorporate the mailbox rule into ERISA). For example, we adopted the doctrine of reasonable expectations as a principle to apply when interpreting ERISA-governed insurance contracts. Saltarelli v. Bob Baker Grp. Med. Trust, 35 F.3d 382 (9th Cir.1994). In so holding, we reasoned that “protecting the reasonable expectations .of insureds appropriately serves the federal policies underlying ERISA.” Id. at 386. Further, express incorporation of the principle elsewhere demonstrated “its widespread acceptance and vitality.” Id. at 387.[4]
There is nothing novel about the principle we adopt here that when a deadline falls on a weekend, it extends to the following business day. The Supreme Court recognized this general understanding in 1890. Street v. United States, 133 U.S. 299, 306, 10 S.Ct. 309, 33 L.Ed. 631 (1890) (“... a power that may be exercised up to and including a given day of the month may generally, when that day happens to be Sunday, be exercised on the succeeding day”). Further, the Fifth Circuit has stated that this “rubric has universal acceptance.” Armstrong v. Tisch, 835 F.2d 1139, 1140 (5th Cir.1988). LeGras faces the possibility of losing his long-term disability benefits because of a two-day difference in the computation of the time period to pursue an administrative appeal. Although the stricter time-computation method may be convenient for AETNA’S purposes, it would be contrary to the purposes of ERISA to adopt a method that is decidedly protective of plan administrators, not plan participants.
Further, that a deadline extends to the next business day when it falls on a Saturday, Sunday, or holiday is widespread. For example, Federal Rule of Civil Procedure 6 (“Rule 6”) states that this principle applies to “any local rule or court order, or in any statute that does not specify a method of computing time.”[5] Fed. R.Civ.P. 6(a).[6] We have consistently applied Rule 6 when interpreting time peri *1238 ods in various statutory contexts. See, e.g., Minasyan v. Mukasey, 553 F.3d 1224, 1227-28 (9th Cir.2009) (addressing the beginning of the one-year period of limitations for filing an asylum application); Payan v. Aramark Mgmt. Servs. Ltd. P’ship, 495 F.3d 1119, 1125-26 (9th Cir.2007) (addressing the timeliness of a Title VII action after receipt of a right-to-sue letter from the Equal Employment Opportunity Commission); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001) (addressing the “appropriate ending” of the one-year grace period under the Anti-terrorism and Effective Death Penalty Act of 1996); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir.1989) (per curiam) (holding that because the last day of Oregon’s two-year statute of limitations in a personal injury suit under 42 U.S.C. § 1983 ended on the Saturday preceding Columbus Day, the plaintiff could file on the following Tuesday); Hart v. United States, 817 F.2d 78, 80 (9th Cir.1987) (holding that where the last day of the six-month limitations period under the Federal Tort Claims Act ended on a Saturday, the plaintiff could file on the following Monday). Additionally, many regulations explicitly incorporate this method for computing time.[7]
Incorporating this time-computation method into ERISA’s federal common law protects the interests of insureds, thereby effectuating the policy goals of ERISA. Further, the concept is generally accepted and vital. See Saltarelli, 35 F.3d at 387. Therefore, we hold that, where the deadline for an internal administrative appeal under an ERISA-governed insurance contract falls on a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday.
AETNA attempts to skirt the issue by minimizing the role that ERISA plays in our analysis of this case. It argues that LeGras’s “appeal was pursuant to the ... Plan — not ERISA or any ERISA regulation.” In other words, AETNA contends that we should not apply the above time-computation method because the 180-day period for appeal is set by contract, rather than by statute or regulation. What AET-NA overlooks is that the 180-day appeal period is part of ERISA’s mandatory' claims processing standards. As noted above, under ERISA’s implementing regulations, the minimum amount of time that must be afforded to a claimant to file an administrative appeal is 180 days. . 29 C.F.R. § 2560.503-l(h)(3), (h)(3)®, (h)(4). Although the 180-day appeal period is imposed by the Plan, the Plan is ultimately governed by ERISA. Any ambiguity in calculating the 180 days should be resolved to further the purposes and goals of ERISA.
As support for its position that the LTD Plan is a private contractual arrangement and therefore should not be subject to the time-computation method we adopt, AET-NA relies heavily upon a Fifth Circuit case, Jones v. Georgia Pacific Corp., 90 F.3d 114 (5th Cir.1996). In Jones, a decedent’s heirs brought suit when the dece *1239 dent’s former employer and life insurance company refused to pay life insurance benefits. Id. at 115. The ERISA-covered group plan expired on the decedent’s sixty-fifth birthday, id., but included an option provision that allowed him to convert the employer-provided policy to a non-ERISA individual policy within “the thirty-one day period immediately following the date of [ ] cessation [of coverage],” id. n. 1. If the employee died within thirty-one days, then he would be covered under the group policy as if he had purchased the new policy. Id. at 114. The decedent died on the thirty-second day after his sixty-fifth birthday without having applied for the individual life insurance policy. Id. at 115. When the insurance company declined to pay the death benefit, his heirs brought suit and argued that, because the thirty-first day was a Sunday, the option period should have continued to Monday, the next business day. Id. The district court applied Rule 6(a)’s next-business-day provision, and granted summary judgment to the heirs. Id. at 117. Reversing, the Fifth Circuit held that the provision did not apply because the option to convert the group plan to an individual plan was a private contractual agreement. Id. at 117-18.
Jones is distinguishable and does not support AETNA’S argument. First, unlike this case, Jones did not interpret a contractual provision that was required by ERISA. In fact, the court emphasized that defendants, as offerors of a private option contract, had “full control of ... the length of time during which the power of acceptance shall last.” Id. at 117. By contrast, AETNA set the appeal period at 180 days to achieve the minimum possible compliance with a statutory and regulatory mandate. In doing so, AETNA did not “full[y] control” the length of time by which an appeal could be filed. ' See id. Second, the Jones court’s reasoning hinged on its determination that there was no ambiguity in the contractual provision. Id. at 116. In particular, the court explained that “[t]he qualifying phrase ‘immediately following’ can have no other meaning than the 31 days in their normal and natural sequence, without concern as to the days of the week.... ”[8] Id. In contrast, AET-NA’S April 18, 2011 denial letter contains no such qualifying clause or explanation of how LeGras should calculate the 180-day appeal period.
Finally, AETNA warns that applying the time-computation method advocated by LeGras to the calculation of deadlines under ERISA’s claims procedures would create confusion and great administrative burden. Specifically, AETNA contends that it would “put claims processors for ERISA-governed plans in the unenviable position of keeping up with all state holidays for all [fifty] states.... ” AETNA’S argument is unpersuasive. The plan administrator is responsible for identifying, and clarifying, applicable due dates in compliance with ERISA.[9] Although we reeog- *1240 nize the burden placed on administrators to “keep[] up” with state holidays, this burden must be counter-balanced with the clarity and consistency attained by applying the time-computation method that we hold applies to calculating the 180-day period within which LeGras had to mail his notice of appeal.
III.
Although the 180-day appeal period specified in the April 18, 2011 denial letter ended on Saturday, October 15, 2011, ERISA federal common law required that AETNA accept LeGras’s appeal as timely as he mailed it on the first weekday following the weekend. It was error for AET-NA and the district court to conclude that LeGras’s administrative appeal was untimely. We reverse and remand to the district court with directions to remand to AETNA, the Plan’s Claims Paying Administrator, for consideration of LeGras’s appeal.
REVERSED AND REMANDED.

.ERISA itself does not require a participant or beneficiary to exhaust his administrative remedies before bringing an action under ERISA’s civil enforcement provision. Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 626 (9th Cir.2008). Nonetheless, we have imposed a prudential exhaustion requirement. Amato v. Bernard, 618 F.2d 559, 568 (9th Cir.1980); Vaught, 546 F.3d at 626 n. 2 (clarifying that the exhaustion requirement in cases under ERISA's civil enforcement provision are prudential, not jurisdictional).

. We have jurisdiction pursuant to 28 U.S.C. § 1291.

. Similarly, the parties do not suggest that the LTD Plan contains an explanation of how the appeal period is to be computed. We therefore assume that it does not contain such a provision.

. The dissent argues that we have extended the holding of Saltarelli to ."read an insured's 'reasonable expectations’ into any term of an ERISA plan without limits.” Dissent at 1242. . Contrary to the dissent’s argument, we do nothing more than cite Saltarelli as an example of incorporating a widely accepted principle — the reasonable expectations doctrine — as part of ERISA's federal common law.

. The relevant part of Rule 6(a)(1)(C) provides as follows:
When the period is stated in days or a longer unit of time: ... include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

.In addition to his federal common law argument, LeGras argued that Rule 6(a) should apply directly. However, because LeGras presented two alternative arguments that could warrant reversal, we need not address that argument. Further, even though LeGras did not make a federal common law argument in district court, he is permitted to make that argument on appeal because he properly preserved his claim. See Lebron v. Nat’l R.R. Passenger Corp., 513 U.S. 374, 379, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995) ("Our traditional rule is that once a federal claim is properly presented, a party can make any argument in > support of that claim; parties are not limited to the precise arguments they made below.”) (internal quotation marks and brackets omitted).

. See, e.g., 15 C.F.R. §§ 280.206(e) (expressly computing time such that, if the last day is a Saturday, Sunday, or legal holiday, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday), 719.8(e) (same), 766.5(e) (same), 785.6(e) (same); 17 C.F.R. § 171.4(a) (same); 22 C.F.R. § 103.8(c) (same); 30 C.F.R. § 700.15(b) (same); 38 C.F.R. § 42.27(a) (same); 29 C.F.R. § 2200.2(b) (applying the Federal Rules of Civil Procedure, which includes Rule 6(a), where no specific provision exists); 40 C.F.R. § 304.12 (applying the time-computation manner as described in Rule 6(a)); 45 C.F.R. § 1630.13(a) (same); 49 C.F.R. § 240.7 (applying the time-computation provisions of Rule 6).

. The operative text in Jones provided that ”[t]he acquirement period is the thirty-one day period immediately following the date of such cessation,” and that ”[i]f a Participant ... dies within the thirty-one day period immediately following the date he ceased to be a covered individual, the amount of insurance which he would have been entitled to ... will be paid....” Jones, 90 F.3d at 115 n. 1.

. ERISA’s regulations require that plan administrators establish claims procedures that set forth the "applicable time limits” for challenging denied claims. 29 C.F.R. § 2520.102-3(s). The administrator must do so *n a sufficiently comprehensive manner that is calculated to be understood by the averaSe Plan participant.” Id. § 2520.102-For instance’ the regulations instruct •administrators to use clarifying examples and illustrations” where necessary. Id. Here, *1240 there is no indication that AETNA took any steps to clarify the time limit for appeal. Similarly, AETNA did not specify a date certain before which LeGras had to mail his request for appeal. Nor did it provide an illustration or example of how LeGras should calculate the 180-day period.