**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| 3WL, LLC,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>MASTER PROTECTION, LP, DBA<br>FireMaster, a Delaware limited partnership;<br>DOES, 1 through 20, inclusive,<br><br>               Defendants-Appellees. | No.   19-56225<br><br>D.C. No.<br>2:19-cv-01768-R-AGR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted December 9, 2020**
Pasadena, California

Before: OWENS and LEE, Circuit Judges, and COGAN,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

ProPortion Foods, LLC ("ProPortion") appeals the district court's dismissal of its claims against Master Protection, LP, doing business as FireMaster ("FireMaster"). After the parties submitted briefing, ProPortion assigned its interest in this litigation to 3WL, LLC, and we granted its motion to substitute the parties. See Fed. R. App. P. 43(b). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

This suit arose after a fire destroyed ProPortion's food processing plant in Compton, California. ProPortion commenced a state-court action against FireMaster, which had contracted with ProPortion to install a fire suppression system for an industrial oven at the plant. FireMaster's local franchisee, Robert Fenner, allegedly performed work on the system. The complaint asserted claims for negligence and breach of contract.

FireMaster removed the action based on diversity of citizenship and then moved to dismiss. In response, ProPortion sought to join Fenner, whose presence would have destroyed diversity. The district court denied the motion to join Fenner and remand to state court, and it granted in part the motion to dismiss.

ProPortion filed its First Amended Complaint, but the district court granted FireMaster's motion for judgment on the pleadings. ProPortion then moved for leave to file a Second Amended Complaint, and with that motion pending,

2

ProPortion appealed the order granting judgment on the pleadings.[1]  The district court ultimately denied leave to file the Second Amended Complaint.

**Denial of Joinder**

The district court did not abuse its discretion in denying ProPortion's motion to join Fenner as a defendant.  See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).  When a plaintiff moves to join a diversity-destroying defendant following removal, a district court may "deny joinder" or "permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Because "[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder," this court has upheld such denials where the district court "considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur."  Newcombe, 157 F.3d at 691.

The district court's order was within its discretion.  The claims against FireMaster were identical to those against Fenner, so ProPortion's claim for money damages "could be fully satisfied by the other defendant[]."  Id.  The timing of the

---

[1] Because the motion for leave to file a Second Amended Complaint was pending when ProPortion filed its notice of appeal, this court entered an order stating that, "[t]o appeal the district court's ruling on the post-judgment motion, [ProPortion] must file an amended notice of appeal within the time prescribed by Federal Rule of Appellate Procedure 4."  We construe ProPortion's subsequent filing, which stated its "inten[t] to prosecute this appeal," as an amended notice of appeal from the district court's ruling on its post-judgment motion.

motion also raised serious questions about ProPortion's intent to destroy diversity, as ProPortion knew of Fenner's existence when it commenced this suit yet did not seek to join him until FireMaster moved to dismiss. In these circumstances, the district court did not abuse its discretion in denying the motion to join Fenner as a defendant and remand to state court.

**Judgment on the Pleadings**

We review *de novo* the grant of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). See, e.g., LeGras v. AETNA Life Ins. Co., 786 F.3d 1233, 1236 (9th Cir. 2015).

For the breach of contract claim, ProPortion relied on the following allegations: (1) it "entered into an oral contract under which FireMaster agreed to perform scheduled inspections and maintenance work on the automatic fire suppression system on the ovens located at [the plant]"; (2) FireMaster "orally agreed to perform any repairs that became necessary"; and (3) "[i]n breach of contract . . . FireMaster failed to properly inspect, maintain and/or repair the ovens' automatic fire suppression system." These allegations are too vague to survive a dispositive motion, for they do not adequately set forth the alleged breach. See Stockton Mortg., Inc. v. Tope, 233 Cal. App. 4th 437, 453, 183 Cal. Rptr. 3d 186, 200 (2014) (listing the elements for a breach of oral contract claim); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (describing the pleading standard);

4

United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (applying that standard to a motion for judgment on the pleadings).

Nor did the court err in granting judgment on the pleadings as to the negligence claim. ProPortion failed to adequately allege that FireMaster owed it a duty of care. First, ProPortion maintained that the contract itself gave rise to a duty, but in California, "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." Erlich v. Menezes, 981 P.2d 978, 983 (Cal. 1999).

Attempting to allege such a duty, ProPortion pleaded that FireMaster "negligently failed to properly inspect, maintain and/or repair" the fire suppression system "in violation of [the] California Fire Code." We understand this as an allegation of negligence *per se*. See, e.g., Elsner v. Uveges, 102 P.3d 915, 920 n.8 (Cal. 2004) (explaining that "[s]tatutes may be borrowed in the negligence context . . . to establish a duty of care"). ProPortion cited § 3006.1 of the Fire Code, which provides that certain ovens "shall be protected by an approved automatic fire-extinguishing system." But that provision imposes a duty on the property owner – namely, ProPortion – not the installer of the fire-extinguishing system. ProPortion claims to have "delegate[d]" that duty to FireMaster, but to say that FireMaster breached a duty that was delegated through a contract is simply to say that

5

FireMaster breached a contract. And that contract, standing alone, does not establish a duty of care. See Erlich, 981 P.2d at 983. Therefore, the district court did not err in granting judgment on the pleadings.

**Motion to Vacate and Amend**

Under Rule 15(a)(2), a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "after final judgment has been entered, a Rule 15(a) motion may be considered only if the judgment is first reopened under Rule 59 or 60." Lindauer v. Rogers, 91 F.3d 1355, 1356 (9th Cir. 1996).

ProPortion paid only lip service to this important distinction. Its Notice of Motion requested an order "vacating the Judgment and granting leave for Plaintiff to file a Second Amended Complaint, pursuant to Rule 59(e), Rule 60 and Rule 15." However, the motion made no argument as to why it satisfied the standard for relief under Rule 59(e) or some unidentified subsection of Rule 60. ProPortion skipped that threshold showing, arguing only that it met the standard under Rule 15.

In these circumstances, it was not incumbent on the district court to create some basis for vacating the judgment when ProPortion itself had not offered any. The district court thus properly denied the motion and there was no basis to reach the Rule 15 issue. See Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). We

6

need not reach that Rule 15 issue on appeal, since ProPortion again has failed to argue why the district court should have vacated the judgment.[2]

**AFFIRMED.**

---

[2] There is an additional procedural anomaly because, as a technical matter, the district court did not enter a separate judgment as it should have under Rule 58(a). However, the district court marked the case "terminated" on the docket, showing its intention to treat its order granting judgment on the pleadings as the final entry in the case. Neither side has suggested that non-compliance with Rule 58(a) changes the analytical framework for ProPortion's motion, and we have held that "the requirement in Federal Rule of Civil Procedure 58 that the judgment 'be set forth on a separate document' can be waived" when the parties treat a dispositive order "as if it were a final judgment." Whitaker v. Garcetti, 486 F.3d 572, 580 (9th Cir. 2007) (quoting Casey v. Albertson's Inc., 362 F.3d 1254, 1258 (9th Cir. 2004)) (discussing a summary judgment order). That is clearly the case here. Nor does the failure to enter a separate judgment affect the appealability of the district court's order. See Fed. R. App. P. 4(a)(7)(B).