**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EUROSEMILLAS, S.A.,

 Plaintiff-counter-
 defendant-Appellant,

 v.

MOHAN UTTARWAR; PIYUSH GUPTA,

 Third-party-defendants,

 v.

PLC DIAGNOSTICS, INC.; REUVEN
DUER; NMS LABS, a Pennsylvania
corporation; ERIC RIEDERS; LDIP, LLC, a
Delaware limited liability company,

 Defendants-third-party-
 plaintiffs-cross-claimants-
 Appellees.

No.    19-16203

D.C. No. 3:17-cv-03159-TSH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Submitted March 15, 2021[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and LEFKOW,[***] District Judge.

Plaintiff Eurosemillas, S.A. ("Eurosemillas") appeals the district court's grant of judgment on the pleadings in favor of Defendants Eric Rieders, Reuven Duer, and LDIP, LLC ("LDIP") and grant of summary judgment in favor of Defendants PLC Diagnostics, Inc. ("PLC") and National Medical Services, Inc. dba NMS Labs ("NMS"). In this case raising issues of breach of contract, fraud, and unfair competition, we have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

PLC and NMS loaned money to a technology start-up, iNDx Lifecare, Inc. ("iNDx"). Each entity's loan was secured by iNDx's assets. PLC, NMS, and iNDx executed an intercreditor agreement providing that NMS's and PLC's liens would have equal priority. Subsequently, Eurosemillas loaned iNDx money secured by the same collateral. Eurosemillas believed its lien would also have equal priority with PLC's and NMS's liens. After iNDx defaulted on its loans, NMS and PLC foreclosed on the collateral. Eurosemillas sued NMS and PLC for breach of contract, breach of the implied covenant of good faith and fair dealing,

---

[***] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

fraud in the inducement, and unfair competition. In the same action, Eurosemillas sued Reuven Duer (President and Chief Science Officer of PLC) and Eric Rieders (Chairman of NMS's Board of Directors) for fraud in the inducement and unfair competition and LDIP (an entity jointly formed and operated by PLC and NMS) for breach of contract. The district court granted summary judgment in favor of PLC and NMS and granted judgment on the pleadings in favor of Duer, Rieders, and LDIP.

1. We review a district court's order granting a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) de novo. *See LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1236 (9th Cir. 2015).

Accepting Eurosemillas's allegations as true, *Dunlap v. Credit Prot. Ass'n LP*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005), Eurosemillas failed to plausibly plead a claim for fraud in the inducement against Duer and Rieders. To state a claim for fraud, a plaintiff must allege with particularity: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Ct.*, 909 P.2d 981, 984 (Cal. 1996); Fed. R. Civ. P. 9(b). Here, Eurosemillas failed to allege Duer or Rieders knew their purportedly fraudulent statements were false when made. *See Conrad v. Bank of Am.*, 53 Cal. Rptr. 2d 336, 351 (Ct. App. 1996) ("In order to establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, *all of the*

3

*elements* of the cause of action.") (emphasis added). To the extent Eurosemillas contends it adequately alleged Duer and Rieders participated in a conspiracy to commit fraud, that claim also fails. Under California law, failure to plausibly allege fraud necessarily equates to failure to allege conspiracy to commit fraud. *Kidron v. Movie Acquisition Corp.*, 47 Cal. Rptr. 2d 752, 757–58 (Ct. App. 1995) (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 456–57 (Cal. 1994)); *see Everest Invs. 8 v. Whitehall Real Est. Ltd. P'ship XI*, 123 Cal. Rptr. 2d 297, 301 (Ct. App. 2002). Accordingly, the district court did not err in concluding Duer and Rieders were entitled to judgment as a matter of law.[1]

Eurosemillas similarly failed to plausibly plead a breach-of-contract claim against LDIP. One of the essential elements of a breach-of-contract claim is the existence of a contract. *Abdelhamid v. Fire Ins. Exch.*, 106 Cal. Rptr. 3d 26, 32–33 (Ct. App. 2010). Because LDIP was not a party to the alleged contract, Eurosemillas was required to allege LDIP assumed liability under the contract. *See* Cal. Civ. Code § 1589. However, the operative complaint sets forth only conclusory allegations that PLC and NMS "assigned to LDIP their interest in and to the Collateral . . . [and] their rights and liabilities under the Intercreditor

---

[1] Eurosemillas does not challenge the district court's grant of judgment on the pleadings with respect to the unfair competition claims asserted against Duer or Rieders. Therefore, any arguments in that regard are waived. *Austin v. Univ. of Or.*, 925 F.3d 1133, 1139 (9th Cir. 2019) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").

Agreement." The threadbare recital of assignment, without any supporting facts, is not enough to survive a motion for judgment on the pleadings. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."). Judgment on the pleadings in favor of LDIP was therefore appropriate.[2]

2. We review a district court's grant of summary judgment de novo. *See Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).

Eurosemillas's breach-of-contract claim is based on the alleged breach of an intercreditor agreement dated October 22, 2014. Eurosemillas, however, is unable to demonstrate a triable issue of fact exists as to whether the October 22 Intercreditor Agreement was executed by all parties. NMS expressly refused to sign the October 22 Intercreditor Agreement unless material changes were made. NMS's failure to sign the October 22 Intercreditor Agreement is dispositive in this case. *Kessinger v. Organic Fertilizers, Inc.*, 312 P.2d 345, 351 (Cal. Ct. App. 1957) (explaining that where "it is a part of the understanding between the parties

---

[2] To the extent Eurosemillas argues that the district court erred in dismissing the claims against LDIP, Duer, and Rieders without leave to amend, its argument fails. Eurosemillas did not request leave to amend before the district court, and "[w]here a party does not ask the district court for leave to amend, the request on [on appeal] to remand with instructions to permit amendment comes too late." *Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000) (internal quotation marks omitted). Moreover, Eurosemillas conceded before the district court that no further facts could be alleged in an amended complaint, therefore, the district court did not err in declining to sua sponte grant Eurosemillas leave to amend.

that the terms of their compact are to be reduced to writing and signed by the parties, the assent to its terms must be evidenced in the manner agreed upon, or it does not become a binding or completed contract") (citation and quotation marks omitted); *see, e.g.*, *Basura v. U.S. Home Corp.*, 120 Cal. Rptr. 2d 328, 335 (Ct. App. 2002). Any agreement that could be inferred from PLC's and NMS's subsequent conduct would be too indefinite to enforce.[3] *Bustamante v. Intuit, Inc.*, 45 Cal. Rptr. 3d 692, 699 (Ct. App. 2006) ("Where a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable.") (citation omitted). Because Eurosemillas did not establish a triable issue of fact that an enforceable contract exists, the district court did not err in granting summary judgment in favor of PLC and NMS on the breach-of-contract and breach of the covenant of good faith and fair dealing claims. *See Abdelhamid*, 106 Cal. Rptr. 3d at 32–33 (noting the existence of a contract is a standard element for a breach-of-contract claim); *Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38, 49 (Ct. App. 1990) ("Without a contractual relationship, appellants cannot state a cause of action for

---

[3] Eurosemillas's ratification argument fails for similar reasons. First, Eurosemillas is unable to point to any evidence suggesting that NMS ratified the October 22 Intercreditor Agreement, which is the agreement Eurosemillas has put at issue. Second, to the extent there is evidence that NMS ratified iNDx's verbal agreement to treat Eurosemillas's lien as *pari passu* with PLC and NMS's liens, the terms of any such agreement are too vague to enforce. *Bustamante,* 45 Cal. Rptr. 3d at 699.

breach of the implied covenant.").

Eurosemillas's fraud claim against NMS and PLC is based on the same alleged misrepresentations as its fraud claim against Duer and Rieders and is similarly deficient. Eurosemillas does not point to a scintilla of evidence suggesting that NMS or PLC knew any of the alleged misrepresentations were false when made. *Californians for Renewable Energy v. Cal. Pub. Utils. Comm'n*, 922 F.3d 929, 936 (9th Cir. 2019) ("[I]t is not our task . . . to scour the record in search of a genuine issue of triable fact.") (citation omitted). And because Eurosemillas's unfair competition claim incorporates by reference the fraud and breach-of-contract claims, it necessarily fails absent a showing of a contractual relationship or fraud on the part of PLC or NMS. *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 239 Cal. Rptr. 3d 577, 599 (2018) ("Thus, when the underlying legal claim fails, so too will a derivative [Unfair Competition Law] claim."). Summary judgment was therefore appropriate on these claims as well.

**AFFIRMED.**