NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HSBC BANK USA, N.A., as Trustee for the Registered Holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006- HE2,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY; LAWYERS TITLE INSURANCE CORPORATION,<br><br>Defendants-Appellees. | No. 20-15387<br><br>D.C. No. 3:19-cv-00265-MMD-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted October 20, 2021
San Francisco, California

Before: WALLACE and GOULD, Circuit Judges, and VITALIANO,[**] District Judge.

This appeal arises from an insurance dispute between a land title insurer and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

its insured client. A Nevada homeowners association ("HOA") foreclosed on a property in which Appellant HSBC had previously secured a Deed of Trust. After the foreclosure, Appellant filed a claim with their title insurance provider, Fidelity National Title Insurance Company ("FNTIC"), requesting indemnity and protection under the terms of the insurance policy. FNTIC denied Appellant's insurance claim and Appellant filed the underlying action in District Court for the District of Nevada alleging violations of NRS § 686A.310, breach of contract, and breach of fiduciary duty claims. The district court dismissed Appellant's complaint without leave to amend, on futility grounds, after Appellees moved for judgment on the pleadings. Now, Appellant challenges both the district court's grant of judgment on the pleadings in the Appellees' favor and the district court's denial of leave to amend.

We review *de novo* an order granting judgment on the pleadings, accepting facts alleged by the nonmoving party as true and drawing all inferences in its favor. *LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1236 (9th Cir. 2015). A district court's grant of judgment on the pleadings is proper when, "taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Merchants Home Delivery Serv., Inc. v. Frank B. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995). Dismissals without leave to amend are "appropriate when it

is clear that the complaint cannot be saved by further amendment." *Polich v. Burlington Northern, Inc.,* 942 F.2d 1467, 1472 (9th Cir. 1991).

Appellant argues that, if it had been allowed leave to amend, it "could have amended the allegations by including more detail to its claims to assert that F[NTIC]'s own guidelines and endorsement manuals admit there is coverage under the ALTA Policy for damages arising from the Nevada HOA Sale." Reviewing Appellant's arguments *de novo*, we vacate and remand.

First, FNTIC's insurance manuals are probative as to whether or not FNTIC knew that the insurance policy and additional addenda were supposed to protect Appellant from its losses in the foreclosure sale of the property at issue. In a related case with similar claims against FNTIC, we held that FNTIC's insurance manual is "probative of a variety of insurance products Fidelity offered that provide title insurance for property located within a homeowners' association." *Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Ins. Co.*, No. 20-15849, 2021 WL 5002215, at *1 (9th Cir. Oct. 28, 2021).

Appellant here presents nearly identical claims against FNTIC as those in *Deutsche Bank*. 2021 WL 5002215. Because the manuals would be probative as to the protections offered and sold to Appellant, which is the crux of the Appellant's claims, the manuals potentially may support Appellant HSBC's claims. The possible probative value of the manuals is sufficient to support

amendment. This is especially true given Nevada's application of trade usage information. The insurance manuals, like many other dictionaries and explanatory commentaries "operate as specialized dictionaries in interpreting a written contract." *Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 367 (2013) (internal citations omitted).

Additionally, we recently took judicial notice of an order written in a similar case by the same district court judge who presided over this case. In that order, the district judge considered newly discovered evidence in the form of insurance claims manuals. *HSBC Bank USA, Nat'l Ass'n as Tr. for Holders of Deutsche Alt-A Sec., Inc., Mortg. Loan Tr. Pass-Through Certificates Series 2007-OA3 v. Fid. Nat'l Title Grp., Inc.*, No. 218CV02162MMDDJA, 2021 WL 1579896, at *4 (D. Nev. Apr. 22, 2021). Given this newly found evidence, the district judge explained that if we remanded the case back to the district court, Plaintiff HSBC could file a motion for reconsideration given the newly discovered insurance manuals. *See id*. In light of the district court's acknowledgement of the newly discovered insurance manuals, we vacate and remand so that the district court may reconsider its approach in light of the newly found evidence and may reassess the district court's prior denial of leave to amend.

**VACATED AND REMANDED.**