NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| N.C., individually and on behalf of minor A.C., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> PREMERA BLUE CROSS, <br><br> Defendant-Appellant. | No. 23-35381 <br><br> D.C. No. 2:21-cv-01257-JHC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Submitted June 4, 2024[**]
San Francisco, California

Before: MILLER and BUMATAY, Circuit Judges, and BENNETT,[***] District Judge.

Premera Blue Cross appeals the district court's grant of summary judgment in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

favor of Plaintiff-Appellee N.C. on her claim for recovery of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

Premera challenges the district court's conclusion on de novo review that A.C.'s 14-month stay at Change Academy was medically necessary under the plan. Premera also challenges the district court's consideration of two sets of guidelines from the American Academy of Child and Adolescent Psychiatry ("AACAP") suggested by N.C.: Principles of Care for Treatment of Children and Adolescents with Mental Illnesses in Residential Treatment Centers ("Principles of Care") and Practice Parameter for the Assessment and Treatment of Children and Adolescents with Reactive Attachment Disorder and Disinhibited Social Engagement Disorder ("RAD Practice Parameter").

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's findings of fact for clear error. *Day v. AT & T Disability Income Plan*, 685 F.3d 848, 852 (9th Cir. 2012). And we review its conclusions of law de novo. *In re Watson*, 161 F.3d 593, 596 (9th Cir. 1998). We review the district court's decision to consider evidence outside the administrative record for abuse of discretion. *Dowdy v. Metro. Life Ins. Co.*, 890 F.3d 802, 807 (9th Cir. 2018). We affirm.

1. Because, as Premera concedes, the AACAP RAD Practice Parameter was part of the administrative record, it was fully within the district court's discretion to consult it. *See Collier v. Lincoln Life Assurance Co. of Bos.*, 53 F.4th 1180, 1186

2

(9th Cir. 2022). Moreover, as counsel for Premera conceded below, the district court was permitted to supplement the record where necessary. "[I]ntroduction of evidence beyond the administrative record could be considered necessary" where there is a need for "evidence regarding interpretation of the terms of the plan rather than specific historical facts." *Opeta v. Nw. Airlines Pension Plan for Contract Emps.*, 484 F.3d 1211, 1216 (9th Cir. 2007) (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993) (en banc)). Since "generally accepted standards of medical practice" is ambiguous, the district court did not abuse its discretion in considering the AACAP Principles of Care.

2.      As the district court's copious citations to the record establish, A.C.'s treating providers agreed that less intensive treatment settings were ineffective and that residential treatment was necessary. And Dr. Nair, who treated A.C. at Change Academy, repeatedly recommended that he continue residential treatment. We have held that "protecting the reasonable expectations of insureds appropriately serves the federal policies underlying ERISA.'" *LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1237 (9th Cir. 2015) (quoting *Saltarelli v. Bob Baker Grp. Med. Tr.*, 35 F.3d 382, 386 (9th Cir. 1994)). Because the plan does not reference the InterQual criteria, let alone necessitate their application, it was reasonable for N.C. to expect that treatment deemed medically necessary by A.C.'s treating physicians would be covered under the plan. Thus, on de novo review, the district court did not err in concluding that

3

A.C.'s treatment at Change Academy was medically necessary.

**AFFIRMED.**