**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN DENNIS GOODE, | No. 24-3448 |
| Plaintiff - Appellant, | D.C. No.<br>3:21-cv-02054-GPC-KSC |
| v. | |
| J. CANEDO, Then, Correctional Sergeant; Now, Correctional Lieutenant; JOHN AND JANE DOES, 1-100, Correctional Staff, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| J. CANEJO, | |
| Defendant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted March 16, 2026[**]

Before:    SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Benjamin Dennis Goode appeals pro se from the district court's summary judgment and judgment on the pleadings in his 42 U.S.C. § 1983 action alleging Eighth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (summary judgment); *LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1236 (9th Cir. 2015) (judgment on the pleadings). We affirm.

The district court properly granted summary judgment on Goode's claim related to his COVID-19 quarantine because Goode failed to raise a genuine dispute of material fact as to whether Canedo acted with deliberate indifference to a serious threat to Goode's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining that for an official to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference").

The district court properly granted judgment on the pleadings on Goode's claim related to the removal of his CPAP machine because Goode failed to allege facts sufficient to show that Canedo caused the machine's removal. *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (setting forth the elements of a § 1983 claim).

The district court did not abuse its discretion in admitting the medical

classification chronology form. *See* Fed. R. Evid. 901(a) (stating the requirement for authenticating evidence); *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002) (setting forth standard of review for summary judgment evidentiary rulings). We reject as unsupported by the record Goode's contention that Canedo's motion for summary judgment was untimely.

Goode's request for appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**